LOOMIS *et al.* v. RUTLAND R. CO.

*(Circuit Court D. Vermont. March 30, 1889.)*

EQUITY—PRACTICE—COSTS.

The grantees of a lease brought a bill in equity, alleging that the lessor claimed that the lease would terminate with the death of the original lessee, and asking for a reformation of the lease if such was its construction. The lessor answered, asserting such claim, and testimony was taken showing that the lease was to be terminable by the election of the lessor to take certain property on the leased premises at its value; and the lessor submitted to a decree establishing such construction. *Held*, that the orators were entitled to the costs of taking their testimony and the decree, but not to the costs of the bill.

In Equity.
*William G. Shaw*, for orators.
*Charles A. Prouty*, for defendant.

WHEELER, J. The defendant leased water front to a grantor of the orators for a wharf, reserving the right to terminate the lease and take the wharf at its value. The lease run to the lessee, without naming heirs, assigns, or representatives. A person proposing to purchase the whole interest of the orators and defendant was informed by the officers of the defendant that they claimed that the whole would belong to the defendant upon the death of the original lessee. He informed the orators of this claim, and abandoned the negotiations because of it. They brought this bill to have the lease reformed, if by its terms as drawn it would terminate by the death of the lessee. The answer asserts the claim, and that the lease as drawn expressed the true meaning of the contract. The testimony shows that a continuing lease, terminable only by an election to take the wharf at its value, was intended. The defendant at the hearing admits that such is the effect of the lease as drawn, and submits to a decree establishing that construction; but denies that the orators are entitled to costs. The bill does not allege anything more than that the officers of the defendant claimed that effect from the lease, as a matter of opinion, upon the legal construction of the lease, without any practical effect upon any rights of the orators. A demurrer to it would have probably made an amendment necessary. The answer made the taking of testimony prudent, and a decree proper. The orators would, on demurrer to the bill sustained, have been liable to pay costs, as well as to lose their own to that time, by rule 35. The defendant did not demur, nor become in any manner entitled to costs. Costs in equity cases are always somewhat controllable by discretion. In this case the orators appear to be justly entitled to the costs of taking their testimony and of the decree, and not to the costs of the bill. Let the decree entered be without costs as to bill, and with costs subsequent to the bill.